The People of the State of New York, Respondent, v. Clyde Thompson, Appellant.— Memorandum: The People move to resettle the order entered June 30, 1970 (34 A D 2d 1097) by deleting that part of the order which stated that our determination was based upon the facts, as well as the law. In support of their application the People contend that since they did not introduce any psychiatric proof, there was no conflicting evidence of sanity for the jury to weigh or for an appellate court to review. They maintain that the facts as to sanity were, of themselves, not in dispute, and that therefore the sole question in the case is whether the facts elicited were sufficient to rebut the presumption of sanity as a matter of law. There not

only was psychiatric testimony that defendant was insane at the time of the commission of the crime on June 4, 1966, but there was also testimony of previous mental illness. Further, defendant's bizarre conduct on June 4, 1966, indicated insanity. In the state of the record we found as a fact that the verdict of the jury, which necessarily involved the issue of sanity, was against the weight of the evidence, in that it failed to sufficiently establish that the defendant had the substantial capacity to know and appreciate the nature and consequence of his act of June 4, 1966, and that such conduct was wrong (Penal Law, § 1120; *People* v. *Hari,* 30 A D 2d 1046). The failure of the People to produce any psychiatric proof whatsoever did not preclude the jury from considering as a question of fact the important issue of defendant's sanity. We cannot agree, as urged by the District Attorney, that in this posture the determination of the question of the defendant's criminal responsibility was solely one of law and not of law and fact. Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.